<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4665**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LONNIE MACK OGLESBEE,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City.  Lacy H. Thornburg, District Judge.  (CR-04-38)

———————

Submitted:  April 7, 2006                    Decided:  May 1, 2006

———————

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Stanford K. Clontz, Asheville, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Don D. Gast, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Lonnie Mack Oglesbee was convicted by a jury of three counts of assault with a dangerous weapon with intent to do bodily harm (Counts Fourteen, Sixteen, Eighteen), three counts of assault resulting in serious bodily injury (Counts Fifteen, Seventeen, Nineteen), one count of kidnaping (Count Twenty), and six counts of aggravated sexual assault (Counts Twenty-One through Twenty-Six), in violation of 18 U.S.C. §§ 113(a)(3), (a)(6); 1153; 1201; 2241(a) (2000). Oglesbee was sentenced on the various offenses to life imprisonment. We find no error and affirm Oglesbee's convictions and sentences.

Oglesbee first contends that the district court abused its discretion in admitting Fed. R. Crim. P. 404(b) evidence over defense objection. We review a district court's decision regarding the admission or exclusion of evidence for abuse of discretion. United States v. Lancaster, 96 F.3d 734, 744 (4th Cir. 1996). Rule 404(b) "is an inclusive rule that allows admission of evidence of other acts relevant to an issue at trial except that which proves only criminal disposition." United States v. Watford, 894 F.2d 665, 671 (4th Cir. 1990).

Oglesbee argues his daughter's testimony regarding his cruel abuse of her pet birds was not probative of any disputed issue. Rather, Oglesbee asserts that the testimony was presented merely to paint him as a generally "despicable and loathsome

- 2 -

character." "Evidence of prior bad acts is admissible if it is (1) relevant to an issue other than character, (2) necessary to show an essential part of the crime or the context of the crime, and (3) reliable."[*] United States v. Powers, 59 F.3d 1460, 1464 (4th Cir. 1995). Exclusion under Fed. R. Crim. P. 403 is required "only in those instances where the trial judge believes that there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and the this risk is disproportionate to the probative value of the offered evidence." Id. at 1467 (internal quotations omitted). Oglesbee's daughter's testimony regarding the incident with her pet birds helped place in context why she conceded to her father's wishes and thus participated in sexual acts with her parents. Oglesbee's violent acts, combined with the fear they instilled, formed the basis of the factual context in this case. Such testimony was therefore relevant to the issue of Oglesbee's guilt on Counts Twenty-One and Twenty-Two. Additionally, any danger of prejudice was slight in view of the overwhelming evidence of guilt. Consequently, we find no abuse of discretion in permitting such testimony.

Next, Oglesbee contends that the district court abused its discretion when it denied his motion for a mistrial. We review the grant or denial of a motion for mistrial for abuse of

---

[*]Oglesbee does not allege that the testimony is unreliable, but rather that it is "irrelevant, inflammatory, and highly prejudicial."

discretion.  United States v. West, 877 F.2d 281, 287-88 (4th Cir. 1989).  In addition, Oglesbee must show prejudice in order for the court's ruling to constitute an abuse of discretion, and no prejudice exists if the jury could make individual guilt determinations by following the court's cautionary instructions. See id. at 288.

During its closing argument, the Government stated: "Alice couldn't even look at him, even today, even with leg shackles on, couldn't even look at him."  Oglesbee objected to the reference to leg shackles, and the district court sustained the objection.  The court then gave the following instruction: "You won't consider that remark at any point in your deliberations, members of the jury.  Strike that from your memory and recollection."  Oglesbee moved for a mistrial, arguing that the Government's reference to the leg shackles was "highly improper and prejudicial."  In response, the court stated:

> As I indicated by my ruling, the reference was improper, however, I do not consider it such a quality of prejudice that it would justify a mistrial.  Clearly, the Court's instruction and the wisdom of the jury, I'm certain, would prevail over any abuse of discretion, if that's what it was, that occurred.  So I will deny the motion.

To establish that the prosecutor's statement constituted reversible error, Oglesbee must show that (1) the prosecutor's remarks or conduct were improper and (2) the remarks or conduct prejudicially affected the defendant's substantial rights so as to deprive him of a fair trial.  See United States v. Wilson, 135 F.3d

- 4 -

291, 297 (4th Cir. 1998). Oglesbee contends that the Government's remark improperly disclosed his custodial status to the jury. The Government concedes that the remark was improper, but argues it did not deprive Oglesbee of a fair trial.

Relevant factors in the determination of prejudice include:

> (1) the degree to which the prosecutor's remarks had a tendency to mislead the jury and to prejudice the defendant; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the defendant; (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters; (5) whether the prosecutor's remarks were invited by improper conduct of defense counsel; and (6) whether curative instructions were given to the jury.

United States v. Scheetz, 293 F.3d 175, 186 (4th Cir. 2002).

The Government's remark was an isolated comment made during a lengthy rebuttal closing argument. Even if the remark prejudiced Oglesbee by misleading the jury or diverting its attention, such prejudice was minimal when compared to the volume of evidence of Oglesbee's guilt. Furthermore, any prejudice suffered by Oglesbee was cured by the district court's limiting instruction, which was given immediately after Oglesbee's objection was sustained. See United States v. Francisco, 35 F.3d 116, 119-20 (4th Cir. 1994) (per curiam) (stating this court generally follows the presumption that the jury obeyed the district court's instructions).

- 5 -

Finally, Oglesbee contends that the district court's application of sentencing enhancements violated United States v. Booker, 543 U.S. 220 (2005). Though Oglesbee was sentenced post-Booker, he argues that the court "erred in transferring jury findings from one count to another and establishing enhancement factors under Booker" as well as "by imposing a sentence in excess of the applicable guideline range."

After Booker, a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C. § 3553(a). Id. If the sentence imposed is within the properly calculated guideline range, it is presumptively reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006).

Oglesbee objected to the enhancements applied in the Presentence Investigation Report because they were not specifically found by the jury. The district court agreed with Oglesbee's interpretation of Booker and stated that the jury was required to make the applicable findings for enhancement purposes. Consequently, the court determined that its instructions required the jury to specifically find some of the enhancements, but sustained Oglesbee's objection as to the U.S. Sentencing Guidelines

Manual § 2A3.1(b)(3)(A) (2003) enhancement.  The court then clarified that it believed the enhancements were factually supported by the evidence, but maintained that <u>Booker</u> required the jury to make the findings.

Despite the district court's rulings, Oglesbee's properly calculated sentencing guidelines encompassed the total sentence he received--life imprisonment.  We therefore conclude his sentence was reasonable.

Accordingly, we affirm Oglesbee's convictions and sentences.  We deny Oglesbee's pro se request for new counsel.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>